### CARAWAY et v FEIGLEY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2207. Decided July 11, 1932

Harry B. Holmes, Columbus, for plaintiff.
Wilbur E. King, Columbus, for plaintiff, Clara Caraway.
F. S. Monnett, Columbus, and L. P. Henderson, Columbus, for defendants.

HORNBECK, J.

Plaintiffs, by counsel, orally presented testimony and briefs in this court and since that time an additional brief has been filed on behalf of plaintiff, Clara Caraway. It is the plaintiffs' claim that/ the attempted vacation of that portion of Ell Alley described in the petition of the Feigleys was invalid because owners abutting thereon were not petitioners for the vacation and no publication of the contemplated proceedings was had according to law; that, if the vacation by the city may be found to be valid as against the -use of the alley by the public there yet remains in, the plaintiffs a right of way which is protected by §3727, GC.

We believe that the case of **The Kinnear Manufacturing Company et v Beatty, 65 Oh St, 264,** is decisive of all questions of law presented in this case and likewise the question of fact which we are to determine. In the Kinnear. Manufacturing Company case, the plaintiff's line, like the line of the plaintiffs in the instant suit, extended up to but did not touch any portion of the alley vacated by Council. It was the claim of the plaintiff in the Kinnear Manufacturing Company case, as here, that abutting land or lot contemplates a wider meaning than the land adjacent to and alongside the part of the alley immediately affected and included land along the line of the alley between which and the vacated portion there was an intervening lot. The court in the opinion at page 281 said:

"It will be observed that the lot of the plaintiff does not abut upon any portion of the vacated alley; * * *"

The court there held that that portion of the alley vacated reverted to the owners of the land abutting thereon, subject only to such rights as other property owners on the street or alley may have therein as a necessary means of access to their property.

As the plaintiffs in the instant suit were not abutting owners the defendants and Max Mohr were all the abutting owners. The statute authorizing the vacation of the property under this situation, §3727, GC, was fully complied with. The claim of the plaintiffs in The Kinnear Manufacturing Company case, as claimed by the plaintiffs in the instant suit, that they took a right of way in the vacated portion of the alley under grant, the right to the use of which could not be denied by the action of Council, was determined against the plaintiffs in The Kinnear Manufacturing Company case. In that case, as in this, the defendants were closing up the vacated portion of the alley against any use whatsoever.

The second proposition of the syllabus in The Kinnear Manufacturing Company

case, like the first proposition of the syllabus fixes the legal rights of the plaintiffs in this suit.

"2nd syllabus. A property owner on a street or alley, a portion of which, other than the part on which he abuts, is vacated by the City Council, has no right to enjoin the obstruction of the vacated portion by. the owners to whom it reverted, where he has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation. To entitle a party to any relief in such cases, the inconvenience he suffers must differ in kind from that of the general public, and not only in degree."

Hence, there is left in this case the one question of fact, namely, have the defendants reasonable access to their property by that portion of Ell Alley which is yet open. Much of the testimony taken in the trial court and in this court was directed to the extent to which the plaintiffs used the vacated portion of Ell Alley as a means of ingress and egress, not upon the theory of adverse possession on the part of defendants nor of abandonment by the plaintiffs but upon the question of the reasonableness of access to their property as determined by their regular use of the unvacated portion of the alley. That the plaintiffs generally used the unvacated portion of the alley as ingress and egress to their properties in preference to that portion which was afterwards vacated when open and available to them is persuasive that the road which they took afforded reasonable access to their lots and was the most practical way in and out of their property. There, of course, is substantial dispute in the record on the question of whether or not plaintiff Caraway in recent years had used the portion of the alley which is now vacated. It is admitted that Moore has not so used it. The weight of the evidence, in our opinion, supports the claim that neither of plaintiffs has in recent years used that portion of the Alley running east and west to any considerable degree but that plaintiff, Caraway, has regularly and as a matter of custom, employed that part of Ell Alley which runs north and south.

We appreciate that in The Kinnear Manufacturing Company case the plaintiff had an outlet from his lot on three sides whereas in this case the plaintiffs have an outlet upon two sides only, but we are of opinion that Ell Alley, as now left open, in conjunction with their outlet on the front of the lots offer them reasonable means of access to their property.

In view of the fact that we are relying entirely upon the Kinnear Manufacturing Company case, supra, it is not necessary to discuss the many other authorities cited by respective counsel.

The injunction will be denied.

ALLREAD, PJ, and KUNKLE, J, concur.